

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00173-CV

Nick **GRIEGO**,
Appellant

v.

Sonya **GRIEGO**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI10614
Honorable Norma Gonzales, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
           Beth Watkins, Justice
           Liza A. Rodriguez, Justice

Delivered and Filed: April 17, 2024

DISMISSED FOR LACK OF JURISDICTION

The trial court signed a final, appealable judgment on March 22, 2022. Because appellant did not timely file a motion for new trial, his notice of appeal was due 30 days later, on April 21, 2022.[1] *See* TEX. R. APP. P. 26.1. A motion for extension of time to file the notice of appeal was due by May 6, 2022. *See* TEX. R. APP. P. 26.3.

---

[1] Appellant contends that he timely filed a motion to set aside the final judgment. For the reasons explained below, we lack jurisdiction over this appeal even if we assume appellant timely filed the motion to set aside the judgment.

Appellant filed his notice of appeal on March 8, 2024. "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). Because the notice of appeal was untimely filed, on March 25, 2024, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. *See id*. In our order, we noted that if appellant failed to adequately respond to this order by the date ordered, this appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3.

On April 4, 2024, appellant filed a response to our order. In his response, he contends that he timely filed a motion to set aside the judgment, and he explains that during the time between the final judgment and his notice of appeal, he was attempting to set a hearing on that motion. He also contends that the deadline for his notice of appeal did not begin to run until after a February 13, 2024 hearing in the trial court.[2]

The deadline to file a notice of appeal begins to run on the day the trial court signs a final judgment. TEX. R. APP. P. 26.1; *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.). Here, the language of the trial court's March 22, 2022 judgment shows the judgment was final and appealable as of that date:

> IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

---

[2] During the February 13, 2024 hearing, the trial court informed appellant that its plenary power over this case had expired and it lacked authority to grant the relief he sought. *See* TEX. R. CIV. P. 329b(f).

*See, e.g.*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Even if we assume appellant timely filed his motion to set aside the judgment, his notice of appeal would have been due no later than June 20, 2022, and a motion for extension of time to file the notice of appeal would have been due by July 5, 2022. TEX. R. APP. P. 26.1, 26.3. The trial court's failure to hold a hearing or issue a written ruling on appellant's motion to set aside the judgment did not extend these deadlines. *See, e.g.*, *N. Cent. Baptist Hosp. v. Chavez*, No. 04-02-00590-CV, 2021 WL 983351, at *1 (Tex. App.—San Antonio Mar. 17, 2021, no pet.) (mem. op.) (noting the deadline to file a notice of appeal "is not altered by a trial court's ruling on a motion for new trial"). Because appellant did not file his notice of appeal until March 8, 2024, we have no choice but to dismiss this appeal for lack of jurisdiction. *See id.*; *see also Verburgt*, 959 S.W.2d at 617.

PER CURIAM